[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14193
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:10-cv-00192-SPM-GRJ

NATIONAL ORGANIZATION FOR MARRIAGE INC.,

Plaintiff – Appellant,

versus

SECRETARY, STATE OF FLORIDA,
JORGE L. CRUZ-BUSTILLO,
in his official capacity as chair of the
Florida Elections Commission,
et al.,

Defendants – Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 17, 2012)

Before WILSON, ANDERSON, and HIGGINBOTHAM,[*] Circuit Judges.

_____

[*]      Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

PER CURIAM:

We affirm essentially for the reasons indicated by the district court[1] and for the reasons that the First Circuit in National Organization for Marriage v. McKee, 649 F.3d 34 (1st Cir. 2011), cert. denied, 132 S. Ct. 1635 (2012), rejected the same challenges. Furthermore, with respect to Plaintiff's overbreadth challenge regarding disclosure requirements, Part IV of the majority opinion in Citizens United v. Federal Election Commission, 130 S. Ct. 876 (2010), is controlling.[2]

AFFIRMED.

---

[1] We note that the district court, having rejected the as-applied vagueness challenge, need not have addressed the facial vagueness challenge at all. See Holder v. Humanitarian Law Project, 130 S. Ct. 2705, 2719 (2010) (explaining that "the rule that 'a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others' . . . makes no exception for conduct in the form of speech") (quoting Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982) (alteration omitted)); U.S. v. Di Pietro, 615 F.3d 1369, 1371-72 (11th Cir. 2010) (same).

[2] At oral argument for the first time, Plaintiff attempted to draw a distinction between the specific disclosure requirements at issue in Citizens United and those at issue in this case. Even at oral argument Plaintiff made only conclusory assertions without pointing to any specific disclosure requirement at issue here that was more onerous than those in Citizens United. However, we need not examine that possibility, because any such argument has not been preserved for appeal and is deemed abandoned. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004). Indeed, any such argument would also be inconsistent with Plaintiff's concession, both in the district court and in its initial brief on appeal, that Plaintiff was not challenging the disclosure requirements.